UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLA ROTHSTEIN and PHILIP JAN ROTHSTEIN,

                      Plaintiffs,

                      -against-

THE CITY OF NEW YORK,

                      Defendant.
------------------------------------------------------------X

09 CV

**COMPLAINT**

*Jury Trial Demanded*

       Plaintiffs, CARLA ROTHSTEIN and PHILIP JAN ROTHSTEIN, by their attorneys, Galvano & Xanthakis, as and for a Complaint, alleges as follows:

### PARTIES

1.     Plaintiff, CARLA ROTHSTEIN, resides in the State of Connecticut.

2.     Plaintiff, PHILIP JAN ROTHSTEIN, resides in the State of Connecticut

3.     The defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY") was and still is a domestic municipal corporation in the State of New York.

### JURISDICTION AND VENUE

4.     Jurisdiction is proper pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties.

5.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that one or more defendants "reside" within this district and the event giving rise to this claim occurred within this district.

6.     Plaintiff asserts that the amount in controversy exceeds $75,000, exclusive of interest and cost.

## FACTS

7. On February 6, 2009, plaintiff served a Notice of Claim upon the defendant CITY within the statutory period.

8. More than thirty days have elapsed since the demand or claim, upon which this action is predicated against the defendant, which was presented against CITY for adjustment and/or payment and it has been neglected or refused to make adjustment and that this action is commenced within one year and ninety days after the cause of action herein accrued. The defendant CITY has conducted the statutory hearing of these plaintiffs prior to this complaint on April 3, 2009.

9. On or about November 20, 2008, defendant CITY was the owner of the southwest curb/corner of West 38th Street and 9th Avenue, New York County.

10. On or about November 20, 2008 defendant CITY operated the southwest curb/corner of West 38th Street and 9th Avenue, New York County.

11. On or about November 20, 2008, defendant CITY maintained the southwest curb/corner of West 38th Street and 9th Avenue, New York County.

12. On or about November 20, 2008, defendant CITY controlled the southwest curb/corner of West 38th Street and 9th Avenue, New York County.

13. On or about November 20, 2008, defendant CITY owned the sewer drain/grate located on the southwest street corner of West 38th Street and 9th Avenue, New York County.

14. On or about November 20, 2008, defendant CITY operated the sewer drain/grate located on the southwest street corner of West 38th Street and 9th Avenue, New York County.

15. On or about November 20, 2008, defendant CITY maintained the sewer drain/grate located on the southwest street corner of West 38th Street and 9th Avenue, New York

County.

16. On or about November 20, 2008, defendant CITY controlled the sewer drain/grate located on the southwest street corner of West 38th Street and 9th Avenue, New York County.

## AS AND FOR A FIRST ACTION

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if hereinafter set forth fully at length.

18. On or about November 20, 2008 at or about 5:40 p.m., plaintiff CARLA ROTHSTEIN was lawfully traveling over, along and upon the aforesaid area.

19. At or about the aforesaid time and place plaintiff CARLA ROTHSTEIN was caused to fall.

20. Plaintiff CARLA ROTHSTEIN was seriously injured.

21. Plaintiff CARLA ROTHSTEIN was injured.

22. The defendant City had prior notice of the defective condition which caused plaintiff to fall.

23. The aforesaid incident and resulting injuries sustained by plaintiff CARLA ROTHSTEIN were caused and precipitated by the negligent, reckless, and careless conduct of defendant CITY as follows: in failing to properly maintain the southwest curb/corner of West 38th Street and 9th Avenue, New York County; in failing to properly maintain the sewer drain/grate located on the southwest street corner of West 38th Street and 9th Avenue, New York County; in improperly maintaining said area; in failing to make proper inspections; in failing to have proper warning signs; in causing and permitting a dangerous condition; in failing to provide a safe place

to traverse over said area; in allowing said area to become dangerous; hazardous, defective, slippery, uneven, unleven; in knowing of said defective condition and in failing to repair same; in causing and permitting a tripping hazard; in creating a trap; in maintaining a nuisance; in failing to provide a safe place to traverse over said area; and in generally being negligent, reckless, and careless in the ownership, operation, management, maintenance and control of the aforesaid area.

24. This action is exempt pursuant to Article 16 of the CPLR.

25. Plaintiff alleges compliance with N.Y.C. Admin. Code Section 7-201 (c) (2).

26. By reason of the aforesaid plaintiff CARLA ROTHSTEIN has suffered damages to her person, and has expended monies for her medical care, all to her detriment.

### AS AND FOR A SECOND ACTION ON BEHALF OF PHILIP JAN ROTHSTEIN

27. Plaintiff PHILIP JAN ROTHSTEIN repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "26" with the same force and effect as if hereinafter set forth fully at length.

28. Prior to, and at all times herein mentioned, plaintiff, PHILIP JAN ROTHSTEIN, was and still is the husband of plaintiff CARLA ROTHSTEIN and as such is entitled to her services.

29. That by reason of the foregoing allegations, plaintiff, PHILIP JAN ROTHSTEIN, was deprived of the services, consortium and companionship of her husband, plaintiff, CARLA ROTHSTEIN.

WHEREFORE, plaintiffs demands judgment against the defendant s in the sum of ONE MILLION ($1,000,000) DOLLARS for the First Cause of Action and TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000) for the Second Cause of Action, together with interest,

costs and disbursements of the action and for such other relief as the court deems just and proper.

Dated:     New York, New York
           June 24, 2009

                                    Yours, etc.,
                                    GALVANO & XANTHAKIS
                                    Attorneys for Plaintiff

                         By:        */s/ Elina Lecour*
                                    ELINA LECOUR (2306)
                                    150 Broadway, Suite 2100
                                    New York, NY 10038
                                    (212) 349-5150
                                    File No.: 5852-P
                                    Elecour@gxlegal.com