UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CARLA ROTHSTEIN et al.,

        Plaintiffs,

  -v-

CITY OF NEW YORK,

        Defendant.

-------------------------------------------------------------x

No. 09 Civ. 5888 (LTS)(HBP)

## ORDER

        Plaintiffs Carla and Philip Rothstein ("Plaintiffs") assert that Defendant City of New York ("Defendant" or "City") is liable for injuries Carla Rothstein sustained when she tripped on a sewer grate ("catch basin") or a depression in the asphalt surrounding the catch basin at the corner of West 38th Street and 9th Avenue in New York, New York. On June 15, 2011, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report") recommending that the City's motion for summary judgment dismissing Plaintiffs' claims be granted. A timely objection was received from the Plaintiffs.

        In reviewing the Report, the Court "may accept reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)

(court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form specific basis for not adopting report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381–82. Plaintiffs have objected specifically to the Report's treatment of the question of whether the City's notice of defect requirement, as applied to the catch basin[1] area at issue, is beyond the scope of the authorization provided in state law for such defect notice requirements. The Court has reviewed this aspect of the Report de novo.

Plaintiffs object to the Report's recommended finding that, pursuant to New York City Administrative Code section 7-201, the City cannot be held liable for Carla Rothstein's alleged injury because the City did not receive prior written notice of the defect that allegedly caused her injury. Section 7-201 bars lawsuits concerning personal injuries "sustained in consequence of any street, highway, . . . culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the . . . condition was actually given . . . and there was a failure or neglect within fifteen days after the receipt of

---

[1] The subject catch basin, as depicted in photographs appended to Plaintiffs' opposition papers, is a metal grating covering a drainage area on the street surface.

such notice to repair or remove the defect, danger or obstruction . . . or the place otherwise made reasonably safe." N.Y.C., N.Y., Admin. Code § 7-201(c) (2010). Plaintiffs contend that the City's notice requirement goes beyond the scope of New York State General Municipal Law section 50-e(4), which provides that the notice of <u>claim</u> requirement for actions against municipalities does not dispense with <u>defect</u> notice requirements for "any street, highway, bridge, culvert, sidewalk or crosswalk" N.Y. Gen. Mun. Law § 50-e(4) (McKinney Supp. 2011), and that the City requirement is therefore void. Plaintiffs reiterate their argument that Plaintiff Carla Rothstein's injury was caused by a defect in the catch basin itself rather than in the surrounding pavement, and contend that the New York State Court of Appeals' decision in <u>Walker v. Town of Hempsted</u>, 84 N.Y. 2d 360 (1994), precludes application of the defect notice provision to bar Plaintiffs' claim because catch basins are not among the six types of areas enumerated in the savings provision of General Municipal Law section 50-e(4). The <u>Walker</u> Court held that a town law extending a defect notice requirement to recreational areas exceeded the bounds of section 50-e(4), stating that the General Municipal Law provision "expressly prohibit[ed]" the local notice defect law "to the extent it pertain[ed] to locations other than streets, highways, bridges, culverts, sidewalks or crosswalks." <u>Walker</u>, 84 N.Y. 2d at 368.

    Judge Pitman determined that Plaintiffs had failed to raise a genuine dispute as to whether Plaintiff Carla Rothstein's injury was sustained by reason of anything other than a defect in the surface of the street surrounding the catch basin. (Report at 22.) This determination, which is not challenged specifically, is not clearly erroneous. Judge Pitman further found that any such dispute, even if genuine, was not material because the defect notice requirement is properly applied to "defects that are part of a location enumerated in General Municipal Law Section 50-e(4)." (<u>Id.</u> at 26.) This conclusion, which the Court has reviewed <u>de</u>

novo, is correct on the record here.  Walker is not instructive, as it involved an area that could in no way be characterized as one enumerated in section 50-e(4).  The issue before this Court is whether the catch basin itself can properly be considered part of the "street," such that the City's notice defect requirement is permitted by section 50-e(4).

A street is defined as "[a] road or public thoroughfare used for travel in an urban area, including the pavement, shoulders, gutters, curbs, and other areas within the street lines." Black's Law Dictionary (9th ed. 2009), street, available at Westlaw BLACKS.  As is made clear by the photographs submitted as exhibits to Plaintiffs' memorandum in opposition to the summary judgment motion, the catch basin in question is within the boundaries of the street area and is functionally part of the street surface.  (Pl.'s Mem of Law in Opp'n, Exh. A).  It is entirely consistent with the common sense meaning of the term "street," logic and physical reality that municipal notice defect requirements have been upheld with respect to claims of injuries sustained on catch basins and paved areas adjacent thereto.  See Bruni v. City of New York, 2 N.Y. 3d 319, 324-25 (N.Y. 2004) (pavement cave-in adjacent to catch basin); Crespo v. City of Kingston, 917 N.Y.S. 2d 336, 337 (N.Y. App. Div. 2011) (catch basin); Adams v. City of Poughkeepsie, 745 N.Y.S. 2d 203, 204 (N.Y. App. Div. 2002) (depression adjacent to catch basin).

Plaintiffs' further argument – that the catch basin cannot be considered part of the street because it is made of a different material than the paved road surface and primarily performs a drainage, rather than vehicle transport, function – finds support neither in the language of the statute nor in decisional law.  The General Municipal Law exempts notice defect requirements relating to "streets."  It does not refer to paving, asphalt or any other type of structural material or limitation.  Nor, since streets require proper drainage to be functional for

vehicular and pedestrian travel, is it appropriate to interpret the statutory term as excluding a component of a street surface that is intended to provide such drainage.

This Court has reviewed the remaining aspects of the Report and finds Magistrate Judge Pitman's thorough analysis free of error.

For the foregoing reasons, the Court adopts the Report in its entirety, and Defendant's motion for summary judgment dismissing the complaint is granted. This Order resolves docket entry no. 22. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
      July 29, 2011

/s/ LAURA TAYLOR SWAIN
United States District Judge